**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4456**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES LEWIS NELSON,

        Defendant - Appellant.

———————

**No. 14-4457**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES LEWIS NELSON,

        Defendant - Appellant.

———————

Appeals from the United States District Court for the Western
District of North Carolina, at Asheville.  Martin K. Reidinger,
District Judge.  (1:02-cr-00054-MR-1; 1:08-cr-00091-MR-DLH-1)

———————

Submitted:  February 25, 2015        Decided:  April 8, 2015

———————

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————————

Charles R. Brewer, Asheville, North Carolina, for Appellant. Richard Lee Edwards, Amy Elizabeth Ray, Assistant United States Attorneys, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated cases, James Lewis Nelson appeals the district court's judgment revoking his term of supervised release in two criminal cases and sentencing him to 11 months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but suggesting that a lower sentence would have been appropriate given that Nelson's violative conduct — particularly, his ongoing marijuana use — was in response to his otherwise untreated anxiety and depression. We view this argument, which counsel concedes is raised for the first time on appeal, as a challenge to the substantive reasonableness of Nelson's sentence. Although advised of his right to file a pro se supplemental brief, Nelson has not done so. The Government has declined to file a response brief. Following our careful review of the record, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence if it falls within the prescribed statutory range and is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437–39 (4th Cir. 2006). In making this determination, we first consider whether the sentence imposed is procedurally or substantively unreasonable, applying the same

general considerations employed in review of original criminal sentences. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). Only if we find the sentence unreasonable will we consider whether it is "plainly" so. Id. at 657 (internal quotation marks omitted).

A supervised release revocation sentence is procedurally reasonable if the district court considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors applicable to revocation sentences. 18 U.S.C. § 3583(e) (2012); Crudup, 461 F.3d at 439. Although a district court must provide a statement of reasons for the sentence it imposes, it "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence[.]" United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440.

We review the lone issue raised in counsel's Anders brief for plain error, as this argument was not pressed in the district court. See United States v. Lemon, __ F.3d __, 2015 WL 294329, at *2 (4th Cir. Jan. 23, 2015) (reviewing for plain error newly raised argument to undermine supervised release revocation sentence). Nelson's challenge to the substantive reasonableness of his sentence fails on this record. After properly considering the advisory policy statement range of 6 to 12 months' imprisonment and responding to the arguments made by counsel and Nelson, the court sentenced Nelson near the top of the policy statement range. The court explained that the 11-month sentence was appropriate given that the court's prior extensions of leniency were met by Nelson's repeated abuse of the court's trust. See U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2008) (providing revocation sentence "should sanction primarily the defendant's breach of trust"). We discern no substantive unreasonableness, plain or otherwise, in the district court's reliance on this factor to sentence this defendant. That Nelson used marijuana in an effort to self-medicate does not countenance a different result, given that Nelson did not avail himself of the probation officer's efforts to secure him mental health treatment.

In accordance with Anders, we have reviewed the records in these cases and have found no meritorious issues for appeal. We

5

therefore affirm the district court's judgment. This court requires that counsel inform Nelson, in writing, of the right to petition the Supreme Court of the United States for further review. If Nelson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Nelson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED